[Crim. No. 13119. Fourth Dist., Div. One. Nov. 16, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JEROME MITCHELL, Defendant and Appellant.

COUNSEL

Jerome Mitchell, in pro. per. and Darlene Weinhold, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and Bernard A. Delaney, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WORK, J.**—Jerome Mitchell, an alcoholic, was convicted of petty theft with a prior conviction of petty theft (Pen. Code, §§ 488/666)[1] and sentenced to a suspended three-year aggravated term. Probation conditions included his promise to abstain from the use of intoxicating beverages, undertake a program of Antabuse, not to violate the laws of the State of California, etc.; and to report as directed by the probation office. He attacks the validity of violating his probation for failing to abide by the alcohol-related conditions, claiming his "disease" insured noncompliance.

On December 4, 1979, the date Mitchell appeared for sentencing on this charge, he was presently serving a year in custody on a drunk driving matter in Camp Viejas, where he was undergoing alcohol rehabilitation. During sentencing, Mitchell asked the court for probation and to be allowed to remain in the Camp Viejas alcohol treatment program. The sentencing court asked Mitchell if he understood the above conditions, and others, and he personally assured the court he fully understood them. More than that, he specifically and personally agreed to accept the grant of probation and to abide by each condition. Having obtained the benificent result for which he importuned the court, he did not appeal the order. However, he now appeals from an order more than one year later revoking probation and committing him to state prison.

The number and variety of criminal charges arising from Mitchell's conduct in the short time between his release from Camp Viejas and

---

[1] All statutory references are to the Penal Code unless otherwise specified.

the date of his current sentencing, both before being charged with probation violation and while on bail pending sentencing, is amazing. However, it seems clear Mitchell's initial probation violation resulted from his using alcohol, perhaps in celebration of his release from Camp Viejas, and being apprehended drunkenly driving on a public highway.

The only factor stated by the trial court for revocation of probation is Mitchell's numerous violations of the condition requiring him to totally abstain from the use of alcohol. However, testimony at the revocation hearing substantially shows one instance of driving under the influence of alcohol (Veh. Code, § 23102), a separate incident of drunk in public (§ 647, subd. (f)), another incident of resisting arrest (§ 148), an incident of trespassing (§ 602, subd. (n)), and an additional arrest for drunk in public (for a litany of other offenses, see decision in 4 Crim. 13228, filed this date).

■ Mitchell unmeritoriously raises several supposed sentencing errors during the original sentencing. He mistakenly claims error because the sentencing judge specified any term of imprisonment whatsoever when suspending imposition of sentence. However, imposition of sentence was not suspended, merely its execution. There was no error.

■ He contends the term of imprisonment unlawfully exceeds twice the number of years of the base term. (§ 1170.1, subd. (f).) This claim is predicated on his contention that his petty theft, in violation of section 488 carries only a six-month maximum misdemeanor sentence. The felony sentence arises only by virtue of it being charged as one following his previous conviction of petty theft (§ 666), allowing imposition of a sentence more than twice six months, thus more than double the so-called base term. By its terms section 1170.1, subdivision (f), applies only to limit the aggregate term of multiple sentences or enhancements imposed consecutively, it has no relevance here.

The court is faulted for not considering facts and circumstances of mitigation. This is contrary to the record.

■ Additionally, each of the matters raised and discussed above, should have been raised on appeal from the sentence. They are not timely raised following a revocation of probation. (*People* v. *Hawkins* (1975) 44 Cal.App.3d 958, 968 [119 Cal.Rptr. 54].)

Mitchell raises a more teasing issue by claiming his probation may not be revoked for violating a condition, abstinence, which his alleged alcoholic disease made him constitutionally unable to abide by. Again, this should have been raised at sentencing. He asked for probation, and knowingly agreed to accept the precise term of probation of which he now complains. In addition, Mitchell did not raise this argument at the revocation hearing, and it need not be reviewed here. (*People* v. *Jarrett* (1970) 6 Cal.App.3d 737, 739 [86 Cal.Rptr. 15].)

Mitchell's counsel, without presenting any evidentiary support, replies irrelevantly to the People's argument in her reply brief, "[d]oes Respondent or 'the law' suggest that an alcoholic defendant foresee in his alcoholic stupor that he is mentally and physically incapable of complying with a probation order ordering him to stay sober and thus hire an attorney to appeal the probation order?" The record shows, Mitchell, far from being in an alcoholic fog at the time he agreed to the conditions of probation, was serving a sentence in Viejas Honor Camp, stated to the court he had had nothing to drink and took no medications within the past 24 hours and was fully in charge of his faculties.

In spite of Mitchell's protestations, he was not sentenced to prison for being an alcoholic, but because he is a chronic thief. His probation was revoked only after he was caught drunkenly driving, thus, committing an offense significantly graver than mere imbibing alcoholic beverages.

Arguably, one should not be *forced* to accept a condition of probation with which it is impossible to comply. Such is not the case here. Mitchell was not coerced into accepting this condition, or even to accept probation. We deem it not unreasonable for a court to accept a defendant's representation that he willingly agrees to condition his opportunity for probation on terms rationally related to the criminal activity for which the conviction has been suffered. ■ Thus, we find nothing improper in asking an alcoholic thief to agree to refrain from imbibing alcoholic beverages in order to avoid immediate incarceration when that defendant assures the court that he only steals because he is a drunk. Since Mitchell's conduct is allegedly based upon his alcoholism, a condition he claims is beyond his control, his argument could also be used to prohibit a probation condition that he not steal. We feel societal interests, and indeed, the interests of defendants seeking rehabilitation through probation, require the court to have flexibility in imposing probation conditions which tell the kleptomaniac he must re-

frain from pilfering his local 7-Eleven, the pyromaniac he may not burn his neighbor's house, and the addict-burglar he must keep the needle out of his anatomy.

Judgment affirmed.

Cologne, Acting P. J., and Staniforth, J., concurred.

A petition for a rehearing was denied December 7, 1981, and appellant's petition for a hearing by the Supreme Court was denied February 10, 1982.