[No. F014589. Fifth Dist. Feb. 24, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
RUSSELL ALLEN HACKLER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II through V.

**COUNSEL**

Kathleen Ann Dovidio and Tami J. Buscho, under appointments by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, Edgar A. Kerry and Jane Olmos, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THAXTER, J.**—In the published portion of this opinion we hold that a condition of probation was unreasonably overbroad and invalid. The condition required the appellant, convicted of shoplifting beer from a supermarket, to wear an outer garment bearing a bold, printed statement of his status as a felony theft probationer. The requirement applied whenever the probationer was outside his actual living quarters. In the unpublished portion of the opinion we further hold that the trial court deprived appellant of his due process right to written notice that he was charged with having violated the probation condition and that the court erred when it denied appellant's motion for continuance of the probation revocation hearing. We reverse the order revoking probation and the judgment of sentence.

### BACKGROUND

On December 5, 1989, appellant Russell Allen Hackler pleaded guilty to a single count of petty theft with a prior robbery conviction (Pen.[1] Code, § 666). He also admitted a prior prison term enhancement allegation (§ 667.5, subd. (b)). Hackler and another man were apprehended when each took two 12-packs of beer from a store without paying for them.

On January 2, 1990, the court offered Hackler a grant of probation for three years with certain conditions. Hackler accepted the offer, so the court suspended imposition of sentence and placed him on probation. Because Hackler was then incarcerated for parole violation, the probation conditions were to take effect when he was released in April. The conditions included 118 days in jail (satisfied with 118 days of presentence credit); a requirement that Hackler report to the court daily until such time as he found employment; a directive that Hackler attend Alcoholics Anonymous meetings thrice weekly; and finally, a requirement that Hackler wear as an outer garment a court-supplied T-shirt whenever he was outside his home during the first year of probation. That T-shirt stated on the front, "My record plus two six-packs[2] equals four years," and on the back, "I am on felony probation for theft."

On August 7, 1990, Hackler's probation officer filed with the court a charge that Hackler had violated his probation in that he had been charged with two counts of burglary allegedly occurring on July 7 and July 9, 1990. He requested that Hackler's probation be revoked. The following day, Hackler appeared and denied the allegations. A hearing was set for August 21.

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

[2]The court was under the erroneous impression that Hackler had stolen two 6-packs, rather than two 12-packs.

At the August 21 hearing, Hackler's attorney asked Judge Howard Broadman, who had accepted the plea and granted probation, to disqualify himself, or, in the alternative, for a continuance so that Hackler could formally move for disqualification based on actual prejudice. The request was denied, the judge maintaining that he was not biased and pointing out that the request was untimely. Hackler's request that the matter be heard at or near the time of the trial of the burglary charge was likewise denied.

After hearing some of the evidence regarding the alleged burglaries, the court, on its own motion, arraigned Hackler for violating the T-shirt condition. Hackler, through his attorney, expressly refused to waive the filing of a certificate and affidavit of probable cause by the probation officer. Over appellant's objection the court announced it would hear the T-shirt violation matter upon concluding the hearing on the burglary charges. After hearing the remainder of the evidence regarding the noticed violations, the court concluded that Hackler violated his probation through participation in at least one burglary. It then received additional evidence regarding the T-shirt condition and likewise concluded Hackler violated this condition by appearing in the hallway outside his apartment without his T-shirt. The court set the matter for sentencing.

On September 6, 1990, the court imposed a four-year prison sentence,[3] consisting of the upper term of three years for the section 666 conviction and a one-year enhancement for the prison prior. A $500 restitution fine was also ordered.

Hackler's timely appeal is from both the order revoking probation and the sentence.

## DISCUSSION

I. *The T-shirt condition was unreasonably overbroad and invalid.*

Hackler challenges validity of the T-shirt condition on grounds it is vague, overbroad, and not reasonably related to the goal of rehabilitation. Respondent first responds that Hackler waived his challenge by failing to appeal from the order granting probation and by failing to assert the challenge at the probation revocation hearing. We initially consider the waiver issue.

A. *Waiver.*

Respondent relies on *People* v. *Mitchell* (1981) 125 Cal.App.3d 715 [178 Cal.Rptr. 188] to support its waiver claim. In *Mitchell* the defendant, like

---

[3]The court, when accepting Hackler's plea, indicated it would sentence him to the midterm of two years plus the one-year enhancement. The probation officer, in both his original and supplemental reports, recommended a three-year term.

Hackler, was convicted of violating section 666. He was sentenced to a three-year prison term but execution of sentence was suspended and probation granted on the condition that Mitchell, an alcoholic, promise to abstain from intoxicating beverages and submit to treatment with Antabuse. The conditions were imposed with Mitchell's full knowledge and consent, and he did not appeal from the judgment of conviction. After he was found to have been in violation of probation due to "numerous violations of the condition requiring him to totally abstain from the use of alcohol" (125 Cal.App.3d at p. 718), Mitchell appealed, "claiming his probation may not be revoked for violating a condition, abstinence, which his alleged alcoholic disease made him constitutionally unable to abide by. Again, *this should have been raised at sentencing. He asked for probation, and knowingly agreed to accept the precise term of probation of which he now complains. In addition, Mitchell did not raise this argument at the revocation hearing, and it need not be reviewed here.*" (*Id.* at p. 719, italics added.)

To the extent *Mitchell* is construed as holding that the defendant's having agreed to the probation condition in the trial court bars his attacking its validity on appeal, the holding is contrary to established law. (*In re Bushman* (1970) 1 Cal.3d 767, 776 [83 Cal.Rptr. 375, 463 P.2d 727]; *People v. Hernandez* (1991) 226 Cal.App.3d 1374, 1377 [277 Cal.Rptr. 444]; *People v. Kiddoo* (1990) 225 Cal.App.3d 922, 926-927 [275 Cal.Rptr. 298].)

The second expressed basis for the *Mitchell* court's conclusion that a challenge to the probation condition's validity was not cognizable on appeal from the order of revocation—that it was not raised during the revocation hearing—might be applicable here. ■ Hackler did not clearly assert, at the revocation hearing, the grounds of challenge now raised on appeal.[4] Nevertheless, we will conclude that his failure to raise the issue in the trial court did not constitute a waiver. There are two reasons for our conclusion.

First, Hackler was not given any advance written notice that the hearing would involve the T-shirt condition,[5] and his request for a continuance was denied. He was forced to a hearing on that issue with virtually no time for

[4]The trial court found Hackler violated the condition by not wearing the T-shirt in the public hallway of his apartment complex. After the court announced its ruling, Hackler's counsel requested clarification and argued that "when you live in an apartment complex, your house usually includes not only your personal residence where you're staying, but the common areas like the hallways to and from the outside of the building, and any laundry room facility." That argument, which the court below noted and rejected, forms the basis for Hackler's appellate contention that the probation condition was vague and overly broad. Hackler did not, however, expressly argue that the condition was not reasonably related to the rehabilitative goal of probation.

[5]We conclude, in the unpublished portion of this opinion, that the failure to give written notice was a deprivation of Hackler's due process rights. (See *Morrissey* v. *Brewer* (1972) 408

preparation of legal challenges to the probation condition. We cannot find waiver when denial of a party's due process right to notice may have prevented him from formulating and advancing the legal arguments presented on appeal.

Second, the principal reason for the rule that a party is deemed to waive points not raised in the trial court is that the trial court should be given an opportunity to correct the error or abuse. (See *People* v. *Green* (1980) 27 Cal.3d 1, 27 [164 Cal.Rptr. 1, 609 P.2d 468].) That reason does not apply here because the trial court itself raised the validity of the T-shirt condition and welcomed an appellate ruling on the issue:

"THE COURT: . . . And for the purposes of finding out the validity of that sentence, I would like to find out whether or not that's a valid thing that we can do and so I would like to arraign him on that."

"THE COURT: Well, I don't [know] whether he wore the shirt or didn't, if he's guilty of the violation of probation or not. But, one thing as a Judge I would like to know is whether or not that's a valid condition of probation. I would like to have a hearing on that if, in fact, he did violate it."

"THE COURT: Well, if he has violated his probation by not wearing his T-shirt, then I want—if the evidence is sufficient, and I so find, I presume you're going to appeal this decision or someone is going to appeal this decision. And that condition of probation is something that the Court of Appeals [*sic*] ought to look at. And that's the only way to have that issue properly framed to the Court of Appeals [*sic*]."

The court's comments clearly indicate that, in its mind, the issue of the validity of the condition was joined and ripe for appellate review. We conclude that Hackler was thus relieved of any obligation to expressly preserve the issue himself.

■ That brings us to the remaining basis upon which respondent claims waiver—Hackler's failure to attack the order granting probation by direct appeal or by petition for a writ of habeas corpus. As noted, respondent relies only on *People* v. *Mitchell*, *supra*, 125 Cal.App.3d 715. The *Mitchell* court never referred to the defendant's failure to appeal from the order granting

U.S. 471, 488-489 [33 L.Ed.2d 484, 498-499, 92 S.Ct. 2593]; *Gagnon* v. *Scarpelli* (1973) 411 U.S. 778, 782 [36 L.Ed.2d 656, 661-662, 93 S.Ct. 1756].)

probation as a ground for finding waiver.[6] Neither did it engage in any analysis or reasoning supporting a conclusion that appellate challenges to probation conditions may be made only in a direct attack upon the order granting probation. Furthermore, the *Mitchell* "holding" of waiver was equivocal, at best, because the appellate court went on to consider and discuss the validity of the challenged probation condition, concluding it had been properly imposed. (*Id.* at pp. 719-720.)

We are not aware of any case squarely holding that the validity of probation conditions may be raised only by direct appeal upon the order granting probation. On the other hand, our research reveals that California appellate courts have frequently considered the validity of probation conditions, sometimes striking them, even in the absence of an appeal from the original probation order.

*People* v. *Dominguez* (1967) 256 Cal.App.2d 623 [64 Cal.Rptr. 290] is the seminal California case on the issue of invalid probation conditions. The *Dominguez* court articulated a three-pronged standard for judging probation conditions (*id.* at p. 627) which was expressly adopted by the Supreme Court. (See *People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].) *Dominguez* has been cited in scores of subsequent cases.

*Dominguez* came to the appellate court procedurally in the same manner as this case. There was a judgment of conviction, an order granting probation, a subsequent order revoking probation, and an appeal from the latter order. In that appeal the court found the challenged probation condition invalid, ordered it stricken from the order granting probation, and reversed the orders revoking probation and executing judgment. (256 Cal.App.2d at p. 629.) A similar result was reached in *People* v. *Blakeman* (1959) 170 Cal.App.2d 596 [339 P.2d 202]. (See also *People* v. *Wright* (1969) 275 Cal.App.2d 738 [80 Cal.Rptr. 335] [probation condition considered on appeal from order revoking probation; validity upheld].)

In *People* v. *Goldberg* (1975) 45 Cal.App.3d 601 [119 Cal.Rptr. 616], the defendant was placed on probation in 1968 subject to certain conditions. Probation was purportedly revoked for a violation in 1970, but the court then reinstated it on the original terms and conditions. Apparently the defendant did not appeal from either order. In 1974 the court denied the defendant's

---

[6]In *Mitchell* the appellant also raised sentencing issues in his appeal from the order revoking probation. The appellate court, citing *People* v. *Hawkins* (1975) 44 Cal.App.3d 958, 967 [119 Cal.Rptr. 54], ruled that *those* issues should have been raised by timely appeal from the sentence. (125 Cal.App.3d at p. 718.) That holding is not applicable here, however, because Hackler's sentence, unlike that in *Mitchell*, was not imposed until *after* the order revoking probation.

request to eliminate a condition that he not drive a motor vehicle during the 10-year probationary period. He appealed from the order denying his request. The appellate court found the condition was invalid under the applicable provision of the Vehicle Code and reversed. (*Id.* at pp. 603-604.)

In *In re White* (1979) 97 Cal.App.3d 141 [158 Cal.Rptr. 562], this court considered an application for habeas corpus challenging the validity of a probation condition. The application was filed *after* probation was revoked for the defendant's violation of the condition, and there is no indication an appeal was taken from the original order granting probation. This court found the condition invalid and ordered that it be eliminated or modified. (*Id.* at p. 152; see also *In re Robert M.* (1985) 163 Cal.App.3d 812 [209 Cal.Rptr. 657] [condition to juvenile court probation order held invalid after two separate findings of failure to comply; writ relief granted].)

In some cases, the validity of a probation condition has been attacked in a subsequent criminal proceeding. In *People v. Keller* (1978) 76 Cal.App.3d 827 [143 Cal.Rptr. 184], the defendant was on probation from a municipal court conviction for petty theft. Probation was subject to various "narcotics conditions" including that the defendant submit to a search without a warrant at any time. The defendant's premises were later searched pursuant to that condition, heroin was discovered, and the defendant was charged with its possession. After his motion to suppress evidence was denied, he pleaded guilty and appealed. The appellate court reversed, holding that the suppression motion should have been granted because the search condition imposed in the earlier case was not reasonable under the circumstances of the petty theft conviction. (*Id.* at pp. 838-840; see also *People v. Mason* (1971) 5 Cal.3d 759 [97 Cal.Rptr. 302, 488 P.2d 630] [search condition in previous case; probation order held valid].)

Orders granting probation have been directly appealable since 1951. (§ 1237, subd. (a).) In each of the cases cited the defendant thus could have directly attacked the probation condition by appeal, and because the defendant failed to do so the same waiver contention now made by respondent could have been advanced. None of those cases indicates that a claim of waiver was asserted, so they do not stand as direct authority on the waiver issue. Still, the sheer number of cases indicates an appellate court practice to reach the merits of challenges to probation conditions regardless of how the issue comes to the court. In the absence of clear authority to the contrary, we will follow that practice here.

B. *Merits.*

A court granting probation is authorized by statute to impose "reasonable conditions, as it may determine are fitting and proper to the end that justice

may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . ." (§ 1203.1.)

■ "Although it is well established that courts have broad discretion to impose restrictive conditions to foster rehabilitation and to protect public safety (*In re Bushman* (1970) 1 Cal.3d 767, 776 []) that discretion is not boundless. (*People* v. *Keller* (1978) 76 Cal.App.3d 827, 831-832 [].) The statutory authority of Penal Code section 1203.1 which furnishes and limits the power which the court may exercise is further circumscribed by constitutional considerations. (*Ibid.*) Where a condition of probation requires a waiver of constitutional rights, the condition must be narrowly drawn. To the extent it is overbroad it is not reasonably related to a compelling state interest in reformation and rehabilitation and is an unconstitutional restriction on the exercise of fundamental constitutional rights. (*People* v. *Mason* (1971) 5 Cal.3d 759, 768 [].)" (*People* v. *Burden* (1988) 205 Cal.App.3d 1277, 1279 [253 Cal.Rptr. 130].)

■ The condition imposed here impinged on Hackler's inalienable right to privacy guaranteed by the California Constitution. (Cal. Const., art. I, § 1.) Thus, it is subject to the "must be narrowly drawn" standard enunciated in *People* v. *Burden, supra.*

The purpose of probation is rehabilitation. (See 3 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Punishment for Crime, § 1622, p. 1934; *In re Peeler* (1968) 266 Cal.App.2d 483, 488-489 [72 Cal.Rptr. 254].) Here, though, the court revealed its true intent was to brand Hackler and expose him to public ridicule and humiliation, rather than to facilitate his rehabilitation. The court told Hackler that by accepting the condition he would "become a Hester Prin [*sic*]"[7] for one year. The court also characterized the order as "going back to some extent to the era of stocks."

When it offered Hackler probation the court below told him, on the one hand, that it wanted "to turn you around," and ordered that he "come to court each morning until you get employment." On the other hand, the court severely compromised Hackler's chances of finding employment by imposing the T-shirt condition. Prospective employers are unlikely to have a favorable impression of a job applicant who must publicly advertise his status as a felony theft probationer. Although the court told Hackler it would reconsider the T-shirt requirement *after* Hackler found employment, it made clear that he must first get a job.

---

[7]See Hawthorne, The Scarlet Letter.

"THE COURT: Is there any excuse that this Court is going to accept from you for not wearing the T-shirt?

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"THE DEFENDANT: If I go get a job.

"THE COURT: No.

"THE DEFENDANT: I need to make other arrangements.

"THE COURT: Until you come back to this courtroom and I specifically give you permission [not] to wear it, there is no excuse. Okay. If you get a job and your job requires you wearing a uniform or something like that, then I would reconsider it. . . ."

In *People* v. *McDowell* (1976) 59 Cal.App.3d 807 [130 Cal.Rptr. 839], a purse snatcher was given probation with the following condition: "[D]efendant is not to go out of his house unless he is wearing shoes with leather soles and metal taps on the soles and heels." (*Id.* at p. 813.) He appealed from the conviction and probation order, asserting that the condition amounted to cruel and unusual punishment:

". . . Appellant argues that by imposing this condition the court is saying, in essence, 'You are a purse snatcher and others must always know of your presence,' and that the condition is tantamount 'to hanging a sign around the appellant's neck that says, "I am a thief."'

"Appellant's argument is not persuasive. Appellant makes no showing that all, most or many persons who wear leather soles with metal taps are thieves or are thought to be thieves by the public. His argument that he is somehow identified as a thief by this term of probation is totally unsupported." (59 Cal.App.3d at p. 812.)

Here, the court below did precisely what the *McDowell* court hinted was impermissible: it literally hung a sign around Hackler's neck publicly identifying him as a thief.

██  "[A] condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People* v. *Lent, supra,* 15 Cal.3d at p. 486.)

██  The conduct required here (advertising on Hackler's chest and back his status as a convicted thief) may relate to the crime for which he was

convicted and arguably has some bearing on future criminality. The relationship is so incidental, however, that we cannot find it reasonable. If followed, the condition would probably make it more difficult for Hackler to continue shoplifting. But he was not just required to wear the shirt at times and places where shoplifting might be a possibility. Rather, the court ordered that Hackler wear the shirt at *all* times while he was outside his actual living quarters. Clearly, the condition could adversely affect Hackler's ability to carry on activities having no possible relationship to the offense for which he was convicted or to future criminality. The condition was unreasonably overbroad and as such was invalid.

### II.-V.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

### DISPOSITION

The order revoking probation and the judgment of sentence are reversed and remanded for further proceedings consistent with the views expressed in this opinion.

Best, P. J., and Buckley, J., concurred.

---

*See footnote, *ante*, page 1049.