[No. F018987. Fifth Dist. Oct. 1, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID RICARDO GARCIA, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and IV of the Discussion.

## COUNSEL

Hilda Scheib, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edmund D. McMurray and Jesse Witt, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

STONE (W. A.), J.—Pursuant to a plea agreement, appellant David Garcia pled no contest to one count of petty theft with a prior conviction (Pen.

Code, §§ 666/488) and, in an unrelated municipal court case, single counts of driving with a suspended license (Veh. Code, § 14601.2) and alcohol-related reckless driving (Veh. Code, § 23103.5). The court placed appellant on probation for two years and imposed various conditions of probation. In the unpublished portion of this opinion, we will conclude that the court did not err in imposing a probation condition requiring narcotics testing. In the published portion, we will conclude that the probation condition that appellant not associate with any felons, ex-felons or users or sellers of narcotics was unconstitutionally overbroad. Accordingly, we will modify the judgment and otherwise affirm.

## FACTS

Appellant pled no contest to the theft of a handgun. At the preliminary hearing, the victim testified that she and appellant lived together. She testified further that one morning appellant "came [into her bedroom] and walked over [her] on the bed, being . . . very intoxicated, grabbed the gun. . . . He . . . left . . . the house. And that's when it was taken."

According to the probation report, appellant's prior criminal record includes a 1983 conviction for possession of marijuana, a 1984 conviction for "Drunk Driving," and a 1985 conviction for "Riding a Bicycle While Under the Influence of Alcohol."

The court imposed numerous conditions of probation, including ordering appellant to "Submit to narcotic[s] testing as directed by the Probation Officer [and] . . . . [¶] Not associate with . . . any felons, ex-felons, users or sellers of narcotics."

## DISCUSSION

## I

### General Principles

Appellant contends both of the above conditions "are unreasonable and overbroad, and[ ] . . . should be deemed invalid." We disagree.

■ Respondent does not challenge appellant's right to contest conditions of probation on this appeal, even though appellant agreed to the conditions in the superior court. Prior to the Supreme Court's decision in *People* v. *Welch* (1993) 5 Cal.4th 228 [19 Cal.Rptr.2d 520, 851 P.2d 802], "[E]xisting law overwhelmingly said no such objection [to probation conditions on

grounds such as those urged here] was required [in order to preserve such objections for appeal]." (*Id.* at p. 238, fn. omitted.) In *Welch*, the court held "that failure to timely challenge a probation condition on . . . grounds [such as those urged here] in the trial court waives the claim on appeal." (*Id.* at p. 237.) However, the court also stated, "[T]he objection and waiver rule announced herein shall not apply to defendant or any other litigant whose probation conditions were considered at a sentencing hearing held before the instant decision becomes final." (*Id.* at p. 238.) Since appellant's case falls into that class of cases, there was no waiver here.

■ Penal Code section 1203.1 authorizes the trial court to impose reasonable conditions of probation. However, a trial court's "discretion [to impose such conditions under Penal Code section 1203.1] is not boundless; the authority is wholly statutory, and the statute furnishes and limits the measure of authority which the court may exercise." (*People* v. *Cervantes* (1984) 154 Cal.App.3d 353, 356 [201 Cal.Rptr. 187].)

The limits of the court's discretion are determined by a three-pronged test. "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].) "As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or ' "exceeds the bounds of reason, all of the circumstances being considered." ' " (*People* v. *Welch, supra,* 5 Cal.4th at p. 234.)

II*

*Narcotics Testing Condition*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III

*Condition That Appellant Not Associate With Any Felons, Ex-Felons or Sellers or Users of Narcotics*

■ " 'The statutory authority of Penal Code section 1203.1 which furnishes and limits the power which the court may exercise is further circumscribed by constitutional considerations. [Citation.] Where a condition of

---

*See footnote 1, *ante*, page 97.

probation requires a waiver of constitutional rights, the condition must be narrowly drawn. To the extent it is overbroad it is not reasonably related to a compelling state interest in reformation and rehabilitation and is an unconstitutional restriction on the exercise of fundamental constitutional rights.' " (*People* v. *Hackler* (1993) 13 Cal.App.4th 1049, 1058 [16 Cal.Rptr.2d 681].)

■ The condition requiring appellant to refrain from associating with users and sellers of narcotics, felons and ex-felons impinged on appellant's constitutional right of freedom of association. (U.S. Const., 1st Amend.; Cal. Const., art. I, § 1; cf. *Robbins* v. *Superior Court* (1985) 38 Cal.3d 199, 212-213 [211 Cal.Rptr. 398, 695 P.2d 695].) Thus, it " 'must be narrowly drawn.' " (*People* v. *Hackler*, *supra*, 13 Cal.App.4th at p. 1058.)

Appellant argues that the association condition is not sufficiently narrowly drawn because it limits appellant's association with persons not known to him to be users and sellers of narcotics, felons or ex-felons. We agree. In *People* v. *Robinson* (1988) 199 Cal.App.3d 816 [245 Cal.Rptr. 50], the court found no constitutional infirmity in a probation condition prohibiting the "defendant [from] associat[ing] with anyone of *known* criminal record." (*Id.* at p. 817, italics added.) We know of no case, and respondent cites none, dealing with a probation condition prohibiting association with persons not known to be felons or ex-felons. A condition of probation that prohibits appellant from associating with persons who, unbeknownst to him, have criminal records or use narcotics, is " 'overbroad [and therefore] is not reasonably related to a compelling state interest in reformation and rehabilitation and is an unconstitutional restriction on the exercise of fundamental constitutional rights.' " (*People* v. *Hackler*, *supra*, 13 Cal.App.4th at p. 1058.)

Respondent argues, "Implied in the [association] condition of probation is that appellant should be aware that the person he should not associate with is a . . . drug seller or drug user." However, the rule that probation conditions that implicate constitutional rights must be narrowly drawn, and the importance of constitutional rights, lead us to the conclusion that this factor should not be left to implication.

IV*

*Condition That Appellant Not Associate With Known Users or Sellers of Narcotics*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

*See footnote 1, *ante*, page 97.

## Disposition

The condition of probation in the judgment is modified to provide that appellant is not to associate with persons he knows to be users or sellers of narcotics, felons or ex-felons. In all other respects, the judgment is affirmed.

Martin, Acting P. J., and Dibiaso, J., concurred.