Filed 2/26/13  P. v. DeJesus CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038503 |
| | (Santa Clara County |
| Plaintiff and Respondent, | Super. Ct. No. C1107566) |
| v. | |
| MANUEL CESAR DEJESUS, | |
| Defendant and Appellant. | |

Defendant Manuel Cesar DeJesus pleaded no contest to misdemeanor resistance of an officer in the performance of his duties.  The trial court placed defendant on three years formal probation with conditions.  On appeal, defendant contends that one probation condition was unconstitutionally vague and overbroad because it did not contain a "knowledge" requirement.  The People concede this issue, and we agree that the concession is appropriate.  We therefore modify and affirm the probation order.

BACKGROUND

The trial court imposed the following probation condition, among others.

"The defendant shall not possess any item under the law that would be considered a deadly or dangerous weapon during the period of probation."

DISCUSSION

The obvious jurisprudential trend is toward requiring that a term or condition of probation explicitly require knowledge on the part of the probationer that he is in violation of the term in order for it to withstand a challenge for unconstitutional

vagueness. "[P]robation conditions that implicate constitutional rights must be narrowly drawn" and the knowledge requirement in these circumstances "should not be left to implication." (*People v. Garcia* (1993) 19 Cal.App.4th 97, 102.)

<u>DISPOSITION</u>

The challenged probation condition is modified as follows: "The defendant shall not knowingly possess any item under the law that would be considered a deadly or dangerous weapon during the period of probation." As so modified, the order for probation is affirmed.

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Elia, J.