Filed 12/30/13  In re R.C. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re R.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>R.C.,<br><br>        Defendant and Appellant. | E058673<br><br>(Super.Ct.No. RIJ1300397)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Roger A. Luebs, Judge.

Affirmed as modified.

Jared M. Hartman, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, and Susan Miller, Deputy

Attorney General, for Plaintiff and Respondent.

1

Defendant and appellant R.C. (minor) admitted that he committed first degree residential burglary in violation of Penal Code section 459. Minor was adjudged a ward of the court and placed on probation in the custody of his mother with various terms and conditions. Minor subsequently violated, and admitted to violating, several of his conditions of probation numerous times. Minor was eventually removed from the custody of his mother and ordered to be placed in a suitable placement with various terms and conditions.

On appeal, minor argues that (1) two of his probation conditions are unconstitutional and must be modified; (2) the juvenile court erred in failing to state the maximum term of confinement pursuant to Welfare and Institutions Code section 726;[1] and (3) the juvenile court erred in failing to award him precommitment custody credits.

I

FACTUAL AND PROCEDURAL BACKGROUND

On February 14, 2012, minor and two other juveniles broke into a residence and stole personal property from therein.

Two days later, the San Bernardino County District Attorney's Office filed a Welfare and Institutions Code section 602 petition alleging that minor committed first degree residential burglary. (Pen. Code, § 459.)

---

[1] All future statutory references are to the Welfare and Institutions Code unless otherwise stated.

2

On March 5, 2012, minor admitted the allegation and was adjudged a ward of the court. Minor was placed on probation in the custody of his mother with various terms and conditions.

On April 17, 2012, minor admitted to violating the terms of his probation by failing to report to his probation officer, failing to attend school regularly, and using marijuana. Minor was continued as a ward of the court on probation and ordered to serve 30 days in juvenile hall.

On July 13, 2012, minor admitted to violating the terms of his probation by disobeying his mother, not cooperating in a rehabilitation plan, failing to report to his probation officer, and failing to inform his probation officer of his intent to move and provide a change of address. Minor was continued as a ward of the court on probation and ordered to serve 45 days in juvenile hall. The juvenile court also ordered minor to be screened for drug court.

Minor was accepted into drug court. On August 23, 2012, the juvenile court ordered minor to report to drug court for treatment. Less than a month later, however, minor tested positive for methamphetamine.

On September 25, 2012, minor admitted to violating the terms of his probation by failing to abide by school rules or regulations and by using methamphetamine. Minor was continued as a ward of the court on probation and ordered to serve 15 days in juvenile hall.

Minor continued to test positive for drugs and failed to comply with drug court and his probation conditions. On February 7, 2013, after minor removed his ankle monitoring bracelet without authorization and failed to attend meetings, minor was terminated from the drug court program. Minor was thereafter ordered to serve 29 days in juvenile hall.

On April 3, 2013, minor again admitted to violating the terms of his probation by disobeying his mother, being destructive at home, and threatening to physically harm his younger siblings.

On April 11, 2013, the Juvenile Court of San Bernardino County found minor to be a resident of Riverside County; minor's case was transferred to Riverside County. The Juvenile Court of Riverside County accepted minor's case on April 19, 2013.

On May 6, 2013, the Juvenile Court of Riverside County continued minor as a ward of the court, removed him from the custody of his mother, and ordered minor be placed in a "suitable foster or group home, relative home, county or private facility with no preference for such a period as deemed necessary by staff/probation officer." This appeal followed.

II

DISCUSSION

A.     *Probation Conditions*

At the May 6, 2013 dispositional hearing, the juvenile court imposed a probation condition that minor not have "any direct or indirect contact with anyone known to be disapproved of by parent, guardian, the probation officer or staff at placement and any non relative known by [minor] to be on probation or parole." (Condition No. f.) The court also imposed a condition that minor not have "any direct or indirect contact with anyone known to be disapproved by [minor's] parent, guardian, probation officer or staff except in placement." (Condition No. g.) Minor did not object to these probation conditions; however, he did object to the gang terms.

Minor argues that the above-noted probation conditions are overbroad and violate his constitutional right to association under the federal Constitution.

A juvenile court "has wide discretion to select appropriate conditions and may impose '"any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.'"' [Citations.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*), citing *In re Byron B.* (2004) 119 Cal.App.4th 1013, 1015; § 730, subd. (b).) Any objection to the reasonableness of a probation condition is forfeited if not raised at the time of imposition. (See *In re Justin S.* (2001) 93 Cal.App.4th 811, 814; see also *Sheena K.*, at p. 883, fn. 4; *People v. Welch* (1993) 5 Cal.4th 228, 237.) Constitutional challenges to probation conditions on their

5

face, however, may be raised on appeal without objection in the court below. (*Sheena K.*, at pp. 887-889.)

"The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents" (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941), thereby occupying a "unique role . . . in caring for the minor's well-being." (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1500.) "'[A] condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court.'" (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.) Minors are deemed to be "more in need of guidance and supervision than adults," and "a minor's constitutional rights are more circumscribed." (*In re Antonio R.*, *supra*, 78 Cal.App.4th at p. 941.)

Nevertheless, "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Requiring minor to refrain from associating infringes on his constitutional right of freedom of association. (U .S. Const., 1st Amend.; see also *People v. Lopez* (1998) 66 Cal.App.4th 615, 628; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102.) Consequently, conditions infringing on constitutional rights must be "tailored to fit the individual probationer." (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373; see also *Sheena K.*, at p. 886.) The state interest for which the conditions must be narrowly tailored is minor's rehabilitation. (*People v. Hackler* (1993) 13 Cal.App.4th 1049, 1058.)

6

"A probation condition may be 'overbroad' if in its reach it prohibits constitutionally protected conduct." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 750.) The essential question in an overbreadth challenge "is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

A probation condition may also be unconstitutionally vague. A vagueness challenge is based on the "due process concept of 'fair warning.'" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Therefore, a probation condition "'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*Ibid*.)

In *Sheena K.*, the minor was placed on probation subject to the condition that she not "associate with anyone 'disapproved of by probation.'" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) On appeal, the minor asserted that the condition was unconstitutionally vague and overbroad. (*Ibid*.) The Supreme Court held that absent a knowledge requirement, the condition was unconstitutionally vague. The court explained, "'[B]ecause of the breadth of the probation officer's power to virtually preclude the minor's association with anyone,' defendant must be advised in advance whom she must avoid." (*Ibid*.) The

7

Supreme Court revised the condition to specify that the probationer need avoid only those individuals "'known to be disapproved of' by [the] probation officer." (*Id*. at p. 892.)

Appellate courts have consistently upheld probation conditions when there is a personal knowledge element. (See, e.g., *In re Victor L.* (2010) 182 Cal.App.4th 902, 911-912 [probation condition modified to include a personal knowledge requirement]; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816 [court modified a condition prohibiting a minor's association with "gang members" to prohibit only association with "persons known to the probationer to be associated with a gang"].)

Minor acknowledges that the challenged conditions here contain a knowledge requirement, i.e., "Not have any direct or indirect contact with anyone known to be disapproved . . . ." He, however, argues that the challenged conditions do not require any personal knowledge by minor himself "as to who is disapproved by his parents, guardians, probation officer, or unidentified 'staff.'"

Based on *Sheena K.*, we agree with minor that the challenged conditions are unconstitutionally vague or overly broad because they do not include an express personal knowledge requirement. The state's interest in rehabilitation would not be served by punishing minor for associating with people who, unknown to him, are disapproved by his parents, guardians, probation officer, or staff. Although the challenged conditions include the word "known," it is not clear who must have knowledge. Accordingly, the conditions should be modified.

B.   *Failing to State Maximum Term of Confinement*

In his opening brief, minor claimed that the juvenile court erred when it failed to state the maximum term of confinement pursuant to section 726 for the underlying burglary offense prior to his placement outside of his parents' home.  The People responded that the juvenile court properly refrained from specifying minor's maximum term of confinement because section 726 is inapplicable when a minor is placed in a nonsecured physical confinement such as suitable foster or group home, relative home, or a county or private facility.  In his reply brief, minor agreed with the People that section 726 is inapplicable in the instant matter, and withdrew this issue.  As such, we need not discuss the issue any further.

C.   *Failing to Award Precommitment Credits*

In his opening brief, minor argued that the juvenile court erred when it failed to award him precommitment credits at the dispositional hearing.  The People responded that because minor's placement is not a physical confinement, the juvenile court did not err in failing to award minor precommitment credits.  In his reply brief, minor agreed with the People and withdrew this issue.  Accordingly, we need not address this issue.

III

DISPOSITION

Probation condition No. f is modified to read as follows:  Minor shall not have direct or indirect contact with anyone known by minor to be disapproved of by

9

parent(s)/guardian(s)/probation officer/staff; and any nonrelative known by minor to be on probation or parole unless approved by Probation Officer.

Probation condition No. g is modified to read as follows: Minor shall not have direct or indirect contact with anyone known by minor to be disapproved by parent(s)/guardian(s)/probation officer/staff, except in placement.

In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.

10