Filed 4/22/14  In re Makayla J. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re MAKAYLA J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D063987 |
| Plaintiff and Respondent, | (Super. Ct. No. J233264) |
| v. | |
| MAKAYLA J., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed.

Cynthia A. Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

Following an adjudication hearing, the juvenile court made a true finding that 15-year-old Makayla J. (the Minor) had committed the offense of inducing or soliciting prostitution, a misdemeanor. (Pen. Code, § 653.22, subd. (a).)

At the dispositional hearing the court committed the minor to Breaking Cycles for a period not to exceed 150 days. In its minute order, the court also granted probation subject to a number of conditions. The court did not discuss the conditions of probation in the oral proceeding at disposition.

The Minor appeals, challenging only certain probation conditions. Specifically she challenges the following conditions: (1) requiring her to participate in psychiatric or psychological counseling and, if prescribed, take psychotropic medication as directed; (2) she is prohibited from all online commerce; (3) not use a computer for any purpose other than school related assignments; (4) not possess alcohol, a controlled substance, or any substance that she knows or reasonably should know is a mind altering substance without a valid prescription; and (5) not possess, transport, sell or have in or under her control any firearm, replica, ammunition or other weapon, including a knife, any explosive, or item intended for use as a weapon, including hunting rifles or shotguns.

The People respond that the Minor has forfeited any challenge to the conditions by failing to raise the issues in the trial court, and in any event the conditions were appropriately imposed.

We are satisfied, based on this record, that the challenges to the probation condition regarding psychotropic medications have been forfeited since there was literally no discussion of them in the trial court and that none of the conditions is facially

2

unconstitutional. Further, we will find counsel was not ineffective for failing to object to the conditions challenged here. Finally, the record supports the imposition of the challenged conditions. We will therefore affirm.

STATEMENT OF FACTS

Since the Minor does not challenge either the admissibility or the sufficiency of the evidence to support the true finding, we will only set forth a brief summary of the facts of the offense.

At about 1:45 p.m. in the afternoon on April 20, 2013, an undercover Oceanside police officer observed the Minor walking up and down the sidewalk of North Coast Highway. He observed her for about 40-45 minutes, because he suspected she was possibly soliciting prostitution.

Eventually, the Minor contacted a male driving a car. After brief contact she entered the passenger side of the car and the vehicle drove away. The officer followed the car until it stopped in a secluded area. The officer watched the Minor place her head in the male's lap. When the officer approached the driver's side of the car, he observed the Minor with her mouth around the male's erect penis.

The Minor denied soliciting prostitution and explained she got into the car in order to get a ride to the animal shelter to get a dog. She said that when the man stopped the car he pulled down his pants and told her to "do this" because he had given her a ride. The Minor said the man forced her head into his lap and that she did "something," but because she knew it was wrong it did not last very long.

3

DISCUSSION

Before we examine the various challenges to the probation conditions, we observe this appeal presents an all too common scenario. Trial counsel in the juvenile court focuses attention on minimizing the direct impact on the minor, as in this case attempting to limit the time and restrictive nature of any confinement. Probation conditions set forth in the social study are all but ignored by the parties. Then on appeal counsel, legitimately searching for an issue, seizes upon one or more probation conditions as presenting arguable issues. We must then address forfeiture, the appellant's claim the issues are those of law and not forfeited, but in any event trial counsel must have been ineffective for failing to raise these challenges. We are thus left with an empty record on which to resolve issues that appellate counsel claims are of constitutional moment. Although review is made difficult, we are able in this case to find enough in the social study and other parts of the record to resolve the contentions.

I

*THE REQUIREMENT TO TAKE PRESCRIBED MEDICATION*

A. Background

At the detention hearing issues regarding the Minor's mental health were raised. Her parents informed the court that the Minor had been diagnosed with attention deficit hyperactivity disorder (ADHD), but that she had not been prescribed any medication. The court at that time declined to order a psychological evaluation over the defense counsel's objection, however the parents were encouraged to seek therapy for the Minor.

4

The record also shows that the Minor had been the victim of sexual molestation and had been provided therapy for approximately a year, but the therapy was apparently unsuccessful. The Minor had been gone from the family home since December 2012, and absconded again after the adjudication hearing. According to the parents, the Minor had also created a Facebook page for herself which described her life in a manner that was completely fictional.

The Minor's biological father had mental health issues and the mother was concerned about the Minor's mental health. The Minor was a persistent runaway, refused to attend school and was apparently involved in prostitution with a pimp.

At the dispositional hearing defense counsel requested a psychological evaluation of the Minor. Without further comment by the court, a number of probation conditions were imposed, including those challenged here. No objections were made to any of the conditions which were contained in the probation officer's report for the dispositional hearing.

## B. Legal Principles

Juvenile courts have very broad discretion in setting conditions of probation in an effort to rehabilitate juvenile offenders, and hopefully deter further unlawful behavior. (*In re Antonio R*. (2000) 78 Cal.App.4th 937, 941; *In re Frankie J.* (1988) 198 Cal.App.3d 1149, 1153.) Juvenile probation conditions can be more restrictive than those which would be approved for adults, given the special role of the juvenile courts in providing greater supervision to juvenile offenders. (*In re Frank V*. (1991) 233 Cal.App.3d 1232, 1242-1243.)

5

In order to find a probation condition to be invalid, a court must find (1) it has no relation to the convicted crime, (2) relates to noncriminal activity, and (3) requires or forbids conduct not necessarily related to future criminal behavior. (*People v. Olguin* (2008) 45 Cal.4th 375, 379; *People v. Lent* (1975) 15 Cal.3d 481, 486.)

We review the juvenile court's imposition of probation conditions under the deferential abuse of discretion standard. (*In re Asean D*. (1993) 14 Cal.App.4th 467, 473.)

Ordinarily challenges to probation conditions must be raised in the trial court or appellate review of those conditions will be deemed forfeited. (*People v. Welch* (1993) 5 Cal.4th 228, 233-234; *In re Abdirahman S*. (1997) 58 Cal.App.4th 963, 970-971.) However, the court has recognized an exception to the rule of forfeiture of challenges to probation conditions. In *In re Sheena K*. (2007) 40 Cal.4th 875, 888-889 (*Sheena K.*), the court held that where the challenge is purely a matter of law and does not require analysis of the factual record the court should address the challenge on the merits.

## C. The Challenge Has Been Forfeited

The People contend, and we agree, that the Minor's challenge to the therapy and medication condition has been forfeited for failure to object in the trial court. Here, despite the discussions about the Minor's mental health, instability and the need for psychological evaluation, defense counsel did not object to any of the imposed probation conditions. The record is clear that counsel had the probation officer's predisposition social study which set forth the proposed probation conditions. Further, the trial court began the disposition hearing with the statement it had read and considered the probation

6

officer's report.  Thus, if defense counsel had any objections to the proposed conditions, it was incumbent on counsel to raise such objections with the trial court so that any necessary modifications could be made.  That was not done in this case, and, regrettably the trial court said nothing about the conditions at the dispositional hearing.  Accordingly, we are left with little in the record to inform our review.  The court in *In re Luis F.* (2009) 177 Cal.App.4th 176, 181-182 (*Luis F.*), found objections to a similar provision had been forfeited by failure to raise the issue in the trial court.  The court found evaluation of the validity of such provision could not be accomplished by reference only to the face of the document.  Thus the court found *Sheena K.*, *supra,* 40 Cal.4th 875, to be distinguishable.  In short, where the validity of a probation condition cannot be judged solely on its language without reference to the facts, failure to object in the trial court justifies the application of the forfeiture doctrine.

## D.  Ineffective Assistance of Counsel

The Minor argues that if we find her objection forfeited, then trial counsel was ineffective.  We decline to reach that issue on this record.  Counsel vigorously represented the Minor and focused on limiting her restrictive placement and argued for a psychological evaluation.  We cannot tell from this record why no objection was made thus, as pointed out by the court in *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266, the resolution of counsel's performance cannot be made on a vacant record.  (See also *Luis F., supra*, 177 Cal.App.4th at p. 182.)

7

E.  The Merits

Even if we addressed the merits of the Minor's objection we would reject it on this record.  First, like the court in *Luis F*., we doubt that the Minor has standing to claim a privacy violation under the probation condition at this point.  (*Luis F., supra,* 177 Cal.App.4th at pp. 191-192.)  The Minor has not undertaken therapy with a psychiatrist or psychologist, has not been prescribed any medication, and her parents expressed an interest in having her take medication to address the Minor's ADHD.  In short there has never been any objection to therapy or medication.  If, however, the Minor is ever in therapy and if there is a prescription for psychotropic medication and if the Minor objects to the medication, she has a remedy by bringing her actual objection to the court's attention.

In any event, there is ample justification in the record for the juvenile court to seek therapy and, if necessary, medication for the Minor.  She has been sexually victimized and is apparently being further victimized in the human trafficking we call prostitution.  She will not attend school, is a persistent runaway, and apparently has substantial mental health issues.  The condition imposed is valid on its face and has a clear nexus in the record to the need to address the issues that underlie her delinquency.  The juvenile court did not abuse its discretion in imposing the challenged condition.

II

*THE REMAINING PROBATION CONDITIONS*

We have previously discussed the legal principles relating to the review of probation conditions imposed by the juvenile court.  The challenges to other conditions,

8

which we will discuss here, are all facial challenges to the conditions based on claims they are vague or overbroad. Thus they are not subject to forfeiture in light of *Sheena K.*, *supra,* 40 Cal.4th 875, as we can evaluate the conditions on their specific terms.

Evaluation of probation conditions in light of challenges of vagueness and being overbroad require the reviewing court to determine if the condition is sufficiently precise to permit a minor to understand what is required and for a court to be able to know if the condition has been violated. (*Sheena K., supra,* 40 Cal.4th at p. 890.) Where a condition of probation limits otherwise lawful activity it must be narrowly drawn to achieve a legitimate governmental purpose, in this case the prevention of further criminal conduct by the probationer. (*People v. Peck* (1996) 52 Cal.App.4th 351, 363; *People v. Hackler* (1993) 13 Cal.App.4th 1049, 1058.)

## A. Limiting Online Commerce

The court imposed a condition preventing the Minor from engaging in online commerce. She challenges the condition contending it is not sufficiently precise and is overbroad. We disagree.

First, the term commerce is not a complex or difficult term. It deals with buying and selling items, in this instance over the internet. There is nothing in the record that would indicate the Minor would not understand what was prohibited and a court could know if the term was violated. Rather the issue is whether it is narrowly drawn in this case to accomplish needed reform without unnecessarily intruding on protected conduct.

The Minor told the probation officer she had learned about prostitution from a friend at school and from another friend who had used an online classified advertising

9

website to advertise for prostitution services. In this case, the Minor was engaged in selling prostitution services. The limitation on use of online commerce is clearly related to the need to try to restrict the Minor's opportunities to continue in the prostitution enterprise. It is neither vague nor overbroad.

## B. Limiting the Minor's Computer Use

The juvenile court restricted the Minor's use of computers to school assignments and requiring adult supervision when using a computer in the common areas of school and in her residence. Again, the Minor contends the condition is vague and overbroad. Again, we disagree.

Undoubtedly the limitation impacts her ability to engage in otherwise lawful activity. However, given the Minor's knowledge of internet opportunities to promote her prostitution activities, computer use by her raises potential rehabilitation difficulties. Further, one of the manifestations of her mental health difficulties is shown by the Minor's creation of the entirely fictitious life she portrayed on Facebook. The Minor is not prohibited from use of a computer. If she does obtain employment at some time and does actually need greater use of computers, she can obtain adult supervision or seek appropriate modification of the condition. Further, the limitations imposed are clearly understandable and not vague.

Of course, this analysis highlights the importance of timely objection to probation conditions. If there is some reason for limiting or modifying a condition it can be fully developed in the trial court and any objection may well be satisfactorily resolved. Here

10

the condition is facially valid, and any need for modification should be addressed to the trial court.

C. Prohibiting Possession of Weapons and Mind Altering Substances

The remaining conditions challenged by the Minor deal with possessing certain things. The challenge to each condition is the same and therefore we will discuss them together. The Minor contends the conditions must be modified to include actual knowledge of the nature of mind altering substances and that items possessed might be weapons. Once again, given that these are facial challenges based on claims of vagueness, we review them notwithstanding the lack of objection in the trial court. (*Sheena K. supra*, 40 Cal.4th at pp. 890-892.)

The Minor contends the conditions restricting possession of certain weapons and substances must be modified to include a requirement of knowing possession. We disagree.

In *People v. Moore* (2012) 211 Cal.App.4th 1179, 1184-1185 (*Moore*), the court examined a probation condition dealing with possession of certain weapons. In that case, like the one before us, the defendant had not objected to the challenged condition in the trial court. Similarly the appellant claimed the condition must be modified to include an express scienter requirement. The court rejected the contention.

The court in *Moore, supra,* 211 Cal.App.4th 1179 reasoned that there was an implied scienter requirement in the concept of possessing something, in that case weapons. Further, the court reasoned a probationer cannot be found in violation of probation without a finding that the violation was willful. In other words, a probationer

11

cannot violate such a condition without knowledge he or she is possessing a prohibited item.  (See also *In re Jorge M*. (2000) 23 Cal.4th 866, 872, 877.)  The court in *Moore* disagreed with a different approach taken by the court in *People v. Freitas* (2009) 179 Cal.App.4th 747, 752, which held a specific knowledge requirement was necessary as a condition prohibiting possession of specified items.  We think the *Moore* case is the better reasoned approach, particularly where, as here there has not been any objection nor any reason identified as to why more specificity is required.  In our case, the Minor is not at risk of sanctions for unknowingly possessing prohibited items and thus the probation conditions at issue do not require modification.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


O'ROURKE, J.


12