Filed 7/1/13  P. v. Amparan CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>OSCAR AMPARAN,<br><br>    Defendant and Appellant. | F064011<br><br>(Super. Ct. No. VCF254599B)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Glade F. Roper, Judge.

Cheryl Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Leanne Le Mon, Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent

-ooOoo-

---

[*]      Before Wiseman, Acting P.J., Detjen, J. and Peña, J.

Appellant, Oscar Amparan, pled guilty to possession of methamphetamine (count 2/Health & Saf. Code, § 11377, subd. (a)) and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)).

On appeal, Amparan contends that three of his conditions of probation are unconstitutionally vague. We affirm.

## FACTS[1]

On October 27, 2011, the trial court placed Amparan on probation for three years and ordered him to participate in recovery court. Amparan's terms and conditions of probation included the following conditions which required that Amparan:

> "19. Not use or possess alcoholic beverages and shall not enter a place where alcohol is the primary beverage sold or served.
>
> "20. Not use or possess narcotics or any restricted or controlled substances without a prescription. The defendant shall not use any prescribed or over-the-counter medications without the prior approval of the Judge, Probation Officer or assigned treatment provider. ¶ … ¶
>
> "22. Not associate with any person(s) using, selling or trafficking in narcotics or dangerous drugs. ¶ … ¶
>
> "30. Not own or possess any weapon."

At a hearing on April 26, 2012, Amparan asked the court to modify his terms of probation by eliminating the requirement that he participate in drug court and adding a knowledge element to the above-noted conditions of probation. After eliminating the drug court requirement and ordering Amparan to serve an aggregate 190 days on his two convictions, the court stated:

> "[I]'m going to order that you not *knowingly* associate with any person using[,] selling, or trafficking narcotics or restricted or controlled substance[s] other than a physician or a pharmacist in the course of their employment.

---

[1] The facts of Amparan's underlying offenses are omitted because they are not germane to the issues he raises.

2

"Obviously if you go to the doctor, he prescribes medication for you, then that would not violate probation. Or if you go to the pharmacy to pick up prescribed medication.

"In all other respects, *the previously imposed probation terms will remain in full force and effect.*"

## DISCUSSION

Amparan contends probation conditions 19, 20, and 30 are constitutionally vague because they do not have a knowledge element. We disagree.

"Trial courts have broad discretion to prescribe probation conditions to foster rehabilitation and protect public safety. [Citations.] A probation condition that imposes limitations upon constitutional rights must be narrowly tailored to achieve legitimate purposes. [Citations.] Further, '[a] probation condition "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated," if it is to withstand a challenge on the ground of vagueness. [Citation.]' [Citations.] 'A probation condition which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates due process.' [Citations.] The 'underpinning of a vagueness challenge is the due process concept of "fair warning." [Citation.] The rule of fair warning consists of "the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders"....' [Citations.]

"Beginning with *People v. Garcia* (1993) 19 Cal.App.4th 97 …, California appellate courts have routinely added an explicit knowledge requirement to probation conditions prohibiting a probationer from associating with certain categories of persons, frequenting or remaining in certain areas or establishments, and possessing certain items. [Citation.]" (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1184 (*Moore*.)

As explained in *People v. Kim* (2011) 193 Cal.App.4th 836 (*Kim*), "In [these] situations, an express knowledge requirement is reasonable and necessary. The affiliations and past history of another person may not be readily apparent without some personal familiarity. Similarly, despite the presence of gang graffiti, sites of gang-related activity may not be obvious to all. And it takes some experience or training to identify what colors, symbols, hand signs, slogans, and clothing are emblematic of various criminal street gangs." (*Id.* at p. 845.)

3

In *Moore,* the court rejected a vagueness challenge to a probation condition prohibiting the probationer from using or possessing or owning any dangerous or deadly weapons including firearms, knives and other concealable weapons. (*Moore, supra,* 211 Cal.App.4th at p. 1182.) In so doing, the court noted that with respect to the prohibition against owning firearms, the challenged condition did not impact Moore's constitutional rights. (*Id.* at pp. 1184, 1187; see, e.g., *People v. Freitas* (2009) 179 Cal.App.4th 747, 751 [the defendant, as a felon, has no constitutional right to bear arms]; *Kim, supra,* 193 Cal.App.4th at p. 847 [because no constitutional right is at stake, the defendant's concern about an implicit knowledge requirement is inapplicable].) More importantly, however, the *Moore* court stated, "[T]he weapons prohibition here is sufficiently precise to inform Moore of what is required of him, and for a court to determine whether the condition has been violated. Because Moore can have no doubt about what is prohibited, innocent or inadvertent violation of the condition is far less likely than in cases in which the parameters of the probation condition are imprecise." (*Moore*, *supra*, 211 Cal. App. 4th at p. 1186.) Additionally, the court rejected as unfounded Moore's concern that without a scienter requirement he could be found in violation of probation for "unknowing possession" because a trial court may not revoke a probation unless the defendant willfully violated the terms and conditions of probation and "it is now settled that a probationer cannot be punished for presence, possession, or association without proof of knowledge." (*Ibid.*)

It should be apparent to Amparan when he enters a place that is a place where alcohol is the primary beverage sold, that a beverage he possesses is an alcoholic beverage; that a substance he possesses or uses is a narcotic or a restricted or controlled substance; or that an item in his possession is a weapon. Therefore, probation conditions 19, 20, and 30, are precise enough to inform Amparan what they require of him. Further, since it is now settled that a knowledge requirement is implied in each condition and that a probation violation may not be found absent knowing conduct (*People v. Patel* (2011)

196 Cal.App.4th 956, 960) we conclude that probation conditions 19, 20, and 30, are not constitutionally vague and need not be modified.

## <u>DISPOSITION</u>

The judgment is affirmed.