Filed 10/15/13  P. v. Gomez CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO LOPEZ GOMEZ,<br><br>    Defendant and Appellant. | H038711<br>(Monterey County<br>Super. Ct. No. SSC110253) |

Defendant Armando Lopez Gomez pleaded no contest to possessing methamphetamine for sale (Health & Saf. Code, § 11378).  He was placed on probation for three years, with various terms and conditions.  On appeal, defendant contends that a probation condition regarding weapons possession is unconstitutionally vague and requires modification.

We will modify the challenged probation condition.

### BACKGROUND[1]

On October 8, 2011, King City police officers executed a search warrant at a residence where they had suspected drug transactions were occurring.  Officers contacted and arrested defendant in front of the residence as he was about to enter the premises.

---

[1] The factual background is based on the probation report.

During the search, officers found methamphetamine, cocaine, packaging materials, and $631 in cash. Defendant admitted to selling methamphetamine at the residence.

In March 2012, the District Attorney filed an information charging defendant with possession of cocaine for sale (Health & Saf. Code, § 11351; count 1) and possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 2). Defendant pleaded no contest to count 2, on the condition that he receive probation. The trial court suspended imposition of sentence and placed defendant on probation for three years, with various terms and conditions.

## DISCUSSION

In placing defendant on probation, the trial court imposed the following condition: "Not possess, receive or transport any firearm, ammunition or any deadly or dangerous weapon. Immediately surrender any firearms or ammunition you own or possess to law enforcement (P.C. § 12021)."

Defendant contends that the above probation condition is unconstitutionally vague, in violation of his federal constitutional right to due process, because it does not include a knowledge requirement.

Since probation conditions that implicate constitutional rights must be narrowly drawn, the knowledge requirement in some probation conditions "should not be left to implication." (*People v. Garcia* (1993) 19 Cal.App.4th 97, 102.) Absent a requirement that the defendant knows he or she is disobeying the condition, the defendant is vulnerable, and unfairly so, to punishment for unwitting violations of it. (See *People v. Lopez* (1998) 66 Cal.App.4th 615, 628-629.) An appellate court is empowered to modify a probation condition in order to render it constitutional. (*In re Sheena K.* (2007) 40 Cal.4th 875, 892.)

In *People v. Kim* (2011) 193 Cal.App.4th 836 (*Kim*), this court declined to modify a probation condition regarding weapons possession. In *Kim*, the probation condition provided, " 'You shall not own, possess, have within your custody or control

2

any firearm or ammunition for the rest of your life under Section[s] 12021 and 12316[, subdivision] (b)(1) of the Penal Code.' " (*Id*. at p. 840.) In declining to modify the condition, this court explained that "where a probation condition implements statutory provisions that apply to the probationer independent of the condition and does not infringe on a constitutional right, it is not necessary to include in the condition an express scienter requirement that is necessarily implied in the statute." (*Id.* at p. 843.) Thus, because the condition "explicitly reference[d] sections 12021 and 12316" and because knowledge was required under those statutes, the probation condition did not need to be modified to add an explicit knowledge requirement. (*Id.* at p. 846, fn. omitted.)

With regard to the probation condition in this case prohibiting appellant from possessing and receiving firearms, ammunition, and dangerous weapons, the rationale of *Kim* is not entirely applicable. As defendant points out, the probation condition in this case does not mirror the statutory provision in former Penal Code section 12021[2], which prohibited a person convicted of a felony from possessing firearms. In this case, defendant was not only prohibited from possessing any firearms, but also "any deadly or dangerous weapon[s]." Furthermore, defendant was prohibited from transporting weapons in addition to possessing and receiving them. Former section 12021 prohibits a felon from possessing or receiving weapons, but it does not explicitly prohibit transporting weapons. We will therefore modify the condition to include an explicit knowledge requirement.

Further modification of the signed minute order, which references former section 12021, is required in this case. Former section 12021 was repealed operative January 1, 2012. (See *People v. Sanders* (2012) 55 Cal.4th 731, 734, fn. 2; Stats. 2010, ch. 711, § 4.) The statute forbidding, among other things, a felon to be in possession of a firearm is now contained in section 29800. (See *People v. Correa* (2012) 54 Cal.4th

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

3

331, 334, fn. 1; Stats. 2010, ch. 711, § 6, operative Jan. 1, 2012.)  Accordingly, to avoid any confusion, we will modify the weapons condition by deleting the reference to section 12021 and replacing it with a reference to section 29800.

**DISPOSITION**

The probation conditions regarding possession of weapons, as specified in the trial court's signed minute order regarding the June 19, 2012 proceedings, shall be modified to state as follows:  "Do not knowingly possess, receive, or transport any firearms, ammunition or any deadly or dangerous weapons.  Immediately surrender any firearms or ammunition you own or possess to law enforcement.  (Pen. Code, § 29800.)"

As so modified the judgment (order of probation) is affirmed.


_____
BAMATTRE-MANOUKIAN, J.



WE CONCUR:




_____
ELIA, ACTING P.J.




_____
MÁRQUEZ, J.

4