Filed 11/25/13  P. v. Bui CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CUONG MANH BUI,<br><br>    Defendant and Appellant. | H039144<br>(Santa Clara County<br>Super. Ct. No. C1223208) |

Defendant Cuong Bui appeals from a judgment entered upon his plea of no contest to possession of marijuana for sale.  He challenges only his sentence, contending that one of the conditions of his supervised release is impermissibly vague because it does not include a knowledge element.  He further contends that he is entitled to 16 days of additional presentence credit.  We will modify the judgment to correct these sentencing errors and otherwise affirm.

*Background*

Defendant was charged by information with cultivating marijuana (Health & Saf. Code, § 11358); possession of marijuana for sale (Health & Saf. Code, § 11359); and felony vandalism (Pen. Code, § 594(a), subd. (b)(1)).  The information further contained the allegation that defendant had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).

Pursuant to a negotiated disposition, appellant pleaded no contest to count two, possession of marijuana for sale. He also admitted the allegation regarding the prior prison term. Under the terms of the plea agreement, defendant was to receive a sentence of 10 months in county jail, followed by 26 months of mandatory supervision by the probation department. He was also to receive credit for time served and the prosecution would seek dismissal of the remaining charges.

At sentencing the trial court dismissed the first and third counts of the information. Addressing count two, the admitted charge, the court ordered defendant to serve 288 days in county jail, with 288 days of credit for time served (144 actual days and 144 pursuant to Pen. Code, § 4019). The court further ordered defendant to serve 26 months and 12 days under mandatory supervision by the probation department. Defendant filed his notice of appeal the following day.

*Discussion*

*1. Supervised Release Condition*

The court's grant of mandatory supervised release was subject to several conditions, including the following: "The defendant is not to possess or use illegal drugs or illegal controlled substances or go anywhere where he knows illegal drugs or non-prescribed controlled substances are used or sold." Defendant seeks a modification to correct the vagueness that he believes results from the absence of a knowledge requirement. The People do not oppose this request.

The court may grant probation "upon those terms and conditions as it shall determine." (Pen. Code, § 1203.1, subd. (a).) "In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. [Citations.]" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121.) Nevertheless, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the

2

ground of vagueness. [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890; *People v. Lopez* (1998) 66 Cal.App.4th 615, 630 [underlying concern of vagueness doctrine is "the core due process requirement of adequate notice"].) Absent a requirement that defendant know he is disobeying the condition, he is vulnerable, and unfairly so, to punishment for unwitting violations of it. (*People v. Lopez, supra*, 66 Cal.App.4th at pp. 628-629.) Accordingly, a probation condition that prohibits possession of particular items must "specify that defendant not knowingly possess the prohibited items." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 752; but see *People v. Shiseop Kim* (2011) 193 Cal.App.4th 836, 847 [no modification necessary where statute includes implicit knowledge requirement].)

Just as an appellate court is empowered to modify a probation condition in order to render it constitutional (*Sheena K., supra*, 40 Cal.4th at p. 892), the same logic should apply to conditions of mandatory supervision. We will therefore treat the imposed conditions as akin to probation conditions. (Cf. *People v. Griffis* (2013) 212 Cal.App.4th 956, 963, fn. 2.) Accordingly, in order to pass constitutional muster, a requirement of knowledge should be included in some conditions of mandatory supervision prohibiting the possession or use of specified items. The law has no legitimate interest in punishing a defendant on mandatory supervision who has no knowledge that he is using or possessing a prohibited item. Knowledge requirements in conditions of mandatory supervision "should not be left to implication." (Cf. *People v. Garcia* (1993) 19 Cal.App.4th 97, 102.) Modification is appropriate here.

*2. Custody Credits*

Defendant contends that he should have received an additional 16 days of presentence custody credit. The People maintain that the appellate record does not permit a determination that defendant is entitled to any additional credit; instead, they urge us to remand the matter to allow the trial court to make that determination. The point of dispute appears to be the date of arrest. The probation report lists January 13, 2012 as the

3

arrest date; but at sentencing defense counsel represented that the correct date was December 24, 2011. The court, having already made "some corrections" to the term of the sentence, responded, "All right," and continued with its imposition of supervised release conditions.

The People appear to be unwilling to concede explicitly that the date of arrest was December 24, 2011; they do acknowledge, however, that the prosecutor remained silent when defense counsel made the correction and the court apparently accepted it. Our review of the record, including the preliminary hearing transcript, supports defendant's assertion that he was arrested on December 24, 2011. Rather than disputing this premise, the People focus their argument on the period *after* December 24, 2011 and before January 17, 2012, the date defendant was first released on bail. The People suggest that it is "unclear" from the record whether defendant was in continuous custody during this period; consequently, they urge this court to remand the matter to the trial court to make this determination and accordingly recalculate defendant's credits if necessary.

We find remand unnecessary. Nothing in the record indicates error by the probation officer in listing the first release date as January 17, 2012. Recognizing the People's implicit concession below that defendant was in custody from December 24, 2011 to January 17, 2012, we see no contrary evidence leading us to question the underlying assumption of the parties below that defendant in fact was in custody during this period. The People, in questioning only the *fact* of defendant's in-custody status between December 24, 2011 and January 17, 2012, do not take issue with his calculation of the total number of days of credit he should receive if those dates are accepted as correct. Our calculations, derived from the probation department's representations together with the correction of the arrest date, produce the same result as that derived by defendant, 152 days of actual credit. Consequently, we see no necessity for the parties and the trial court to undergo the burden of remand for recalculation of defendant's presentence custody credits.

4

*Disposition*

The judgment is modified to reflect the following probation condition: "The defendant must not knowingly possess or use illegal drugs or illegal controlled substances or go anywhere where he knows illegal drugs or non-prescribed controlled substances are used or sold." In addition, defendant's award of custody credit is modified from 288 days to 304 days, thereby reducing the period of mandatory supervision by 16 days. The clerk of the superior court is directed to prepare an amended abstract of judgment to reflect these modifications and to transmit a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.

5