Filed 2/14/14  P. v. Dowell CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JONATHAN KAWIKA DOWELL,<br><br>    Defendant and Appellant. | H039306<br>(Santa Clara County<br>Super. Ct. No. C1114484) |

Defendant Jonathan Kawika Dowell appeals from a conviction for methamphetamine possession. On appeal, he contends that the trial court erred in imposing two probation conditions that are unconstitutionally vague. As set forth below, we will modify the probation conditions and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL HISTORY

During a search following a traffic stop, a police officer found a bag of methamphetamine in defendant's pocket. An information subsequently charged defendant with possession of methamphetamine (Health and Saf. Code, § 11377, subd. (a)). He pleaded guilty to the charge.

The trial court suspended imposition of sentence and placed defendant on formal probation for two years. As a condition of probation, the court ordered that defendant "shall not possess or consume alcohol or illegal drugs." As another condition of

probation, the court ordered that defendant "shall not own or possess any firearm or ammunition for the rest of his life."

Defendant filed a timely notice of appeal. This appeal followed.

## DISCUSSION

Defendant contends that the alcohol/drugs condition and the firearms/ammunition condition are unconstitutionally vague because they do not include knowledge requirements. He accordingly requests that we modify each condition to impose a knowledge requirement. The People contend that we should decline to modify the conditions, as the Third Appellate District did in *People v. Patel* (2011) 196 Cal.App.4th 956 (*Patel*). As explained below, we will modify each condition to impose a knowledge requirement.

"Constitutional issues are reviewed de novo." (*In re J.H.* (2007) 158 Cal.App.4th 174, 183.) Thus, "we review constitutional challenges to a probation condition de novo." (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

The "underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) "The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.' " (*Ibid.*) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*)

"California appellate courts have found probation conditions to be unconstitutionally vague . . . when they do not require the probationer to have knowledge of the prohibited conduct or circumstances." (*People v. Kim* (2011) 193 Cal.App.4th 836, 843 (*Kim*).) To survive a vagueness challenge, a probation condition that prohibits possession of particular items must "specify that defendant not *knowingly* possess the

2

prohibited items." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 752, italics in original.)

In *Patel,* the Third Appellate District expressed frustration with the "dismaying regularity" with which appellate courts must consider challenges to probation conditions lacking express knowledge requirements. (*Patel, supra,* 196 Cal.App.4th at p. 960.) Noting that "there is now a substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter," the *Patel* court announced that it would "no longer entertain this issue on appeal." (*Ibid*.) The *Patel* court held: "We construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly. It will no longer be necessary to seek a modification of a probation order that fails to expressly include such a scienter requirement." (*Id.* at pp. 960-961, fn. omitted.)

A number of the courts of appeal have declined to adopt the approach articulated in *Patel,* and these courts instead modify probation conditions to impose express knowledge requirements. (E.g., *People v. Moses* (2011) 199 Cal.App.4th 374, 381; *In re Victor L.* (2010) 182 Cal.App.4th 902, 912-913; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102-103.) In *People v. Pirali* (2013) 217 Cal.App.4th 1341, we joined these courts and declined to follow the *Patel* approach. (*Id.* at p. 1351.) We must do so again here. When our Supreme Court faced the issue of the lack of a knowledge requirement in a probation condition, the remedy it mandated was unequivocal: "[W]e agree with the Court of Appeal that modification to impose an explicit knowledge requirement is necessary to render the condition constitutional." (*In re Sheena K., supra,* 40 Cal.4th at p. 892.) Thus, until our Supreme Court rules differently, we will follow its lead on this point. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Accordingly, we will modify each of the challenged conditions to include a knowledge requirement. We modify the alcohol/drugs condition to state that defendant

3

shall not *knowingly* possess or consume alcohol or illegal drugs. We modify the firearms/ammunition condition to state that defendant shall not *knowingly* own or possess any firearm or ammunition for the rest of his life.

Citing this court's decision in *Kim, supra,* 193 Cal.App.4th 836, the People additionally contend that an explicit knowledge requirement is not a necessary component of a probation condition prohibiting possession of firearms and ammunition. In *Kim*, the defendant challenged the following probation condition on the ground of vagueness: " 'You shall not own, possess, have within your custody or control any firearm or ammunition for the rest of your life under Section[s] 12021 and 12316 [subdivision] (b)(1) of the Penal Code.' " (*Id.* at pp. 840, 843.) *Kim* held that it was unnecessary to modify the condition to add a knowledge requirement. (*Id.* at p. 847.) *Kim* reasoned, "We conclude that the conduct proscribed by sections 12021 and 12316 is coextensive with that prohibited by a probation condition specifically implementing those statutes. As the statutes include an implicit knowledge requirement, the probation condition need not be modified to add an explicit knowledge requirement." (*Ibid.*)

Defendant's case is distinguishable from *Kim*. Unlike the condition at issue in *Kim*, the firearms/ammunition condition here does not reference any statutory provision. Thus, because the condition does not specifically implement a statute that includes a knowledge requirement, it is unconstitutionally vague and must be modified. (See *People v. Freitas, supra,* 179 Cal.App.4th at pp. 750, 752-753 [a probation condition prohibiting possession of firearms and ammunition, which did not include a specific reference to a statutory provision, was vague and required modification to include a knowledge requirement].) The People's reliance on *Kim* therefore is unavailing.

## DISPOSITION

The alcohol/drugs condition is modified to state: "Defendant shall not knowingly possess or consume alcohol or illegal drugs." The firearms/ammunition condition is

modified to state: "Defendant shall not knowingly own or possess any firearm or ammunition for the rest of his life." As so modified, the judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.