Filed 12/5/14  In re S.J. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re S.J., a Person Coming Under the Juvenile Court Law. | H040997<br>(Santa Clara County<br>Super. Ct. No. JV40437A) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>S.J.,<br><br>    Defendant and Appellant. | |

A juvenile wardship petition, filed on December 24, 2013, alleged that S.J. committed two felonies on or about December 20, 2013:  (1) second degree robbery (Pen. Code, §§ 211-212.5(c)) and (2) unlawful possession of a concealable firearm (*id*., § 29610).  (Welf. & Inst. Code, § 602.)[1]  The juvenile court found the allegations true and declared S.J. to be a ward of the court.  The court ordered S.J. committed to the Santa Clara County Juvenile Rehabilitation Facilities-Enhanced Ranch Program for six to eight months and it imposed certain terms and conditions.

On appeal, S.J. asserts that the matter must be remanded to the juvenile court to allow the court to declare whether the violation of Penal Code section 29610 was a

---

[1]    All further statutory references are to Welfare and Institutions Code unless otherwise specified.

misdemeanor or felony in accordance with section 702. He also raises facial constitutional challenges with respect to two probation conditions.

We will reverse and remand with directions.

*Discussion*

A. *Declaration of Offense to be a Misdemeanor or Felony*

1. *Background*

In this case, the delinquency petition alleged two statutory violations as felonies: second degree robbery (Pen. Code, §§ 211-212.5(c)) (count one) and possession of a concealable firearm (*id*., § 29610) (count two). Robbery of the second degree is a straight felony (see *id*., §§ 213, subd. (a)(2), 17, subd. (a)) while a violation of Penal Code section 29610 is a so-called "wobbler," punishable as a felony or a misdemeanor (see *id*., §§ 29700, subd. (a)(3), 17, subds. (a) & (b)). The court found the allegations of the petition true beyond a reasonable doubt. The probation report prepared for the disposition hearing described each "sustained allegation" as a felony.

In its disposition orders, the juvenile court used a Judicial Council form, entitled "DISPOSITION—JUVENILE DELIQUENCY" (JV-665 [Rev. Jan. 1, 2012]). The form, dated April 23, 2014 and signed by the judge, contains the following preprinted language: "The court previously sustained the following counts. Any charges which may be consider a misdemeanor or a felony for which the court has not previously specified the level of the offense are now determined to be as follows: . . . ." The box next to this language is checked on the form.

Both of S.J.'s crimes are listed on the form below that preprinted language. On the disposition form, next to each listed offense, the box for "felony" is checked and the box for "misdemeanor" is not checked.

2. *Analysis*

The parties agree that the juvenile court failed to comply with section 702's requirement that the court declare S.J.'s violation of Penal Code section 29610, the

2

"wobbler," to be a misdemeanor or felony. S.J. asserts that the error necessitates a remand and the People argue the error is harmless.

In making a harmless error argument, the People point to the court's description of the case as "serious," the severity of the circumstances surrounding S.J.'s possession of the firearm, and the court's written disposition, which identifies the violation of Penal Code section 29610 as a felony. The record shows that S.J. entered a market armed with a firearm; S.J. ordered the owner to open the register and robbed him at gun point. A nine-millimeter semiautomatic handgun was subsequently found in S.J.'s bedroom underneath a mattress.

Section 702 provides in pertinent part: "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." In *In re Manzy W.* (1997) 14 Cal.4th 1199 (*Manzy W.*), the California Supreme Court concluded that "[t]he language of the provision is unambiguous" and "requires an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an adult. (Webster's New Internat. Dict. (3d ed.1961) at p. 586 [defining 'declare' as 'to make known publicly, formally, or explicitly' 'to state emphatically'].)" (*Id*. at p. 1204.) Under the California Rules of Court, a juvenile court may comply with section 702 at the time it accepts a child's admission of, or "plea of no contest" to, an alleged wobbler (Cal. Rules of Court, rule 5.778(f)(9)),[2] at the jurisdiction hearing (Rule 5.780(e)(5)),[3] or at the disposition hearing (Rules 5.790(a)(1), 5.795(a)).[4]

---

[2]   All further references to rules are to the California Rules of Court. Rule 5.778(f)(9) states: "On an admission or plea of no contest, the court must make the following findings noted in the minutes of the court: . . . [¶] . . . In a section 602 matter, the degree of the offense and whether it would be a misdemeanor or felony had the offense been committed by an adult. If any offense may be found to be either a felony or misdemeanor, the court must consider which description applies and expressly declare on the record that it has made such consideration and must state its determination as to (continued)

In *Manzy W.*, *supra*, 14 Cal.4th 1199, the Supreme Court explained that "the requirement that the juvenile court declare whether a so-called 'wobbler' offense was a misdemeanor or felony . . . serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its discretion under Welfare and Institutions Code section 702." (*Id.* at p. 1207.) Section 702 also "serves the collateral administrative purpose of providing a record from which the maximum term of physical confinement for an offense can be determined, particularly in the event of future adjudications." (*Manzy W.*, *supra*, at p. 1205; see *id.* at pp. 1206-1207.) "In the case of a so-called 'wobbler,' the length of the term specified would, inevitably, depend on whether the offense was deemed a felony or a misdemeanor." (*Id.* at p. 1205, fn. 3.)

---

whether the offense is a misdemeanor or a felony. These determinations may be deferred until the disposition hearing."

[3] Rule 5.780(e)(5) states in pertinent part with regard to a jurisdiction hearing: "If the court determines . . . by proof beyond a reasonable doubt in a section 602 matter, that the allegations of the petition are true, the court must make findings on each of the following, noted in the order: . . . [¶] . . . In a section 602 matter, the degree of the offense and whether it would be a misdemeanor or a felony had the offense been committed by an adult. If any offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and expressly declare on the record that it has made such consideration, and must state its determination as to whether the offense is a misdemeanor or a felony. These determinations may be deferred until the disposition hearing."

[4] Rule 5.790(a)(1) states: "At the disposition hearing: [¶] . . . If the court has not previously considered whether any offense is a misdemeanor or felony, the court must do so at this time and state its finding on the record. If the offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and must expressly declare on the record that it has made such consideration and must state its finding as to whether the offense is a misdemeanor or a felony." Rule 5.795(a) provides with respect to required determinations at disposition in a section 602 case: "Unless determined previously, the court must find and note in the minutes the degree of the offense committed by the youth, and whether it would be a felony or a misdemeanor had it been committed by an adult. If any offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and expressly declare on the record that it has made such consideration and must state its determination as to whether the offense is a misdemeanor or a felony."

Under *Manzy W.*, it is unassailable that the characterization of wobbler as felony offense in a section 602 petition, which is prepared by the petitioner, or a mere reference to a wobbler as a felony in the minutes, which are prepared by the clerk (see Gov. Code, § 69844), does not demonstrate that the court was aware of, and actually exercised, its discretion to specify the status of a wobbler as either a felony or a misdemeanor.[5] (See *Manzy W.*, *supra*, 14 Cal.4th at pp. 1207-1208; see also *In re Kenneth H.* (1983) 33 Cal.3d 616, 619-620; *In re Ricky H.* (1981) 30 Cal.3d 176, 191.) In addition, the juvenile court's treatment of a wobbler as a felony in the calculation of the maximum period of confinement (see § 726, subd. (d)) does not establish that the court was aware of its discretion to treat the offense as a misdemeanor, it rejected that choice, and it expressly declared the offense to be a felony. (See *Manzy W.*, *supra*, at pp. 1207-1208; see also *In re Kenneth H.*, *supra*, at pp. 619-620.)

In *Manzy W.*, the Supreme Court refused to apply the presumption that official duty has been regularly performed where the court had not, as required by statute, explicitly declared the wobbler (possession of a controlled substance) to be a felony. (*Manzy W.*, *supra*, 14 Cal.4th at pp. 1202, 1209; see Evid. Code, § 664.) The court was "unpersuaded that such a presumption is appropriately applied when the juvenile court *violated* its clearly stated duty under Welfare and Institutions Code section 702 and there is nothing in the record to indicate that it ever considered whether the possession offense was a misdemeanor or a felony." (*Manzy W.*, *supra*, at p. 1209.) The court concluded that a juvenile court's "failure to make the mandatory express declaration" demanded by section 702 "requires remand . . . for strict compliance with" the section. (*Manzy W.*, *supra*, at p. 1204.)

---

[5] "Conflicts between the reporter's and clerk's transcripts are generally presumed to be clerical in nature and are resolved in favor of the reporter's transcript unless the particular circumstances dictate otherwise. [Citations.]" (*In re Merrick V.* (2004) 122 Cal.App.4th 235, 249; see *People v. Lawrence* (2009) 46 Cal.4th 186, 194, fn. 4.)

As to harmless error analysis, the Supreme Court explained in *Manzy W.* that where a juvenile court fails to comply with section 702, the "key issue" on review is "whether the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense as a misdemeanor and to state a misdemeanor-length confinement limit." (*Manzy W., supra,* 14 Cal.4th at p. 1209.) "[T]he record in a given case may show that the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler. In such case, when remand would be merely redundant, failure to comply with the statute would amount to harmless error." (*Ibid.*) But the "setting of a felony-length maximum term period of confinement, by itself, does not eliminate the need for remand when the statute has been violated." (*Ibid.*)

Even assuming that section 702 demands that a juvenile court make an express *oral* declaration rather than a clear written declaration, a remand would be unnecessary under *Manzy W.*'s harmless error standard if the juvenile court had signed an unambiguous, written order expressly declaring the status of the wobbler pursuant to section 702. We assume that the preprinted language in the Judicial Council form JV-665 was an attempt to avoid remands under *Manzy W. Manzy W.* indicated, however, that nothing should be left to surmise. (See *In re Manzy W., supra,* 14 Cal.4th at pp. 1207-1208.) The problem with the Judicial Council's form JV-665, as we see it, is that it does not explicitly identify any wobblers among the listed, previously-sustained statutory violations and reflect that the court was aware of and exercised its discretion under section 702 as to each wobbler.[6]

---

[6] We take judicial notice of the existence and contents of the Judicial Council's form order entitled JURISDICTION HEARING—JUVENILE DELIQUENCY (JV-644 [Rev. Jan. 1, 2012]). (See Evid. Code, §§ 452, subd. (c), 459.) The form provides space for a court to list allegations that have been admitted and found true after the child's admission or no contest plea. By checking the appropriate box, the court may declare each listed statutory violation to be a misdemeanor or a felony or it may indicate the (continued)

6

Despite the gravity of the circumstances of S.J.'s violation of Penal Code 29610, the juvenile court still retained discretion under section 702 to declare it a misdemeanor. Nothing in the appellate record confirms the juvenile court was actually aware of its discretion to treat that violation, but not the second degree robbery, as a misdemeanor, and the court did in fact exercise that discretion. Therefore, in an abundance of caution, we remand to the juvenile court so that it may comply with *Manzy W.*'s requirement of an "explicit declaration by the juvenile court whether [the] offense would be a felony or misdemeanor in the case of an adult. [Citations.]" (*Manzy W.*, *supra*, 14 Cal.4th at p. 1204.)

B. *Probation Conditions*

As stated, the juvenile court ordered S.J. committed to the Santa Clara County Juvenile Rehabilitation Facilities-Enhanced Ranch Program for six to eight months. The court ordered minor to "obey all rules and regulation of said facilities." The court also ordered minor to "attend school regularly with no unexcused absences or tardies, and obey all rules and regulations of school officials."

On appeal, S.J. argues that both conditions are unconstitutional vague and overbroad because they lack an express knowledge requirement. Citing *In re Sheena K.*

status of the statutory violation will be specified at disposition. It contains additional preprinted language with respect to those allegations: "The court has considered whether the above offense(s) should be felonies or misdemeanors." A juvenile court adopts this language by checking the adjacent box.

The Judicial Council may wish to consider revising Judicial Council form JV-665 to provide for the identification or separately listing of each statutory violation that "would in the case of an adult be punishable alternatively as a felony or a misdemeanor" (§ 702) and to clearly reflect that the court is exercising its discretion pursuant to section 702 and explicitly declaring the status of each such offense. The rebuttable presumption that official duty is regularly performed (see Evid. Code, §§ 660, 664) would answer any concern that a clerk filled out the form and the judge signed it unthinkingly without exercising discretion. (See *People v. Visciotti* (1992) 2 Cal.4th 1, 49 ["In the absence of any indication to the contrary we presume, as we must, that a judicial duty is regularly performed. [Citations.]"].)

7

(2007) 40 Cal.4th 875 (*Sheena K.*) and *People v. Garcia* (1993) 19 Cal.App.4th 97, S.J. argues that the lack of an express knowledge requirement renders the conditions vague since "it is not clear if scienter is required and, therefore, what conduct would cause [him] to be found to be in violation" of those conditions. He asserts that "no purpose— rehabilitative or otherwise—is served" if he could unknowingly violate those conditions. He also suggests that the possibility of an unknowing violation of those probation conditions renders them unconstitutionally overbroad.

The people contend that an express scienter element is unnecessary because "the ranch and school rules are equally applicable, either to all wards at the ranch, or all students at school" and "[a]ll ranch committees or school students are already constructively tasked with being familiar with institutional rules, and therefore are forewarned as to what is prohibited." This argument fails to address whether the language of the probation condition provides adequate notice, consistent with due process, of what S.J. must do to avoid a probation violation.

A determination whether a juvenile probationer has violated institutional rules from the administrative prospective of a ranch program or school is completely separate from the judicial determination whether the probationer has violated probation. Those institutions presumably will decide whether there has been a rule-violation and the appropriate consequences for any misbehavior based on their internal policies and practices. We have no evidence before us as to whether a particular institution requires a minor to have actual knowledge of its institutional rules or imputes constructive knowledge of its institutional rules to a minor when making such decisions.

*Sheena K.* made clear that "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' (*People v. Castenada*

8

(2000) 23 Cal.4th 743, 751.)  The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' (*ibid*.), protections that are 'embodied in the due process clauses of the federal and California Constitutions.  (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 7).'  (*Ibid*.)"  (*Ibid*.)

"The vagueness doctrine bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citations.]' [Citation.] A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' [Citation.]  In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' [Citation.]"  (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)

The probation condition at issue in *Sheena K.* prohibited Sheena from associating " 'with anyone disapproved of by probation.' "  (*Sheena K.*, *supra*, 40 Cal.4th at p. 880.) That "condition did not notify defendant in advance with whom she might not associate through any reference to persons whom defendant knew to be disapproved of by her probation officer."  (*Id*. at pp. 891-892.)  The Supreme Court agreed that "modification to impose an explicit knowledge requirement is necessary to render the condition constitutional. [Citations.]"  (*Id*. at p. 892.)

*Sheena K.* indicates that a vagueness problem may arise whenever a probation condition imposes requirements or restrictions on a probationer's conduct with respect to a general category whose particulars may not be evident or known to a probationer.  The challenged probation conditions suffer from this type of deficiency.  They name general

9

categories of rules but do not specify the rules.  Absent knowledge of a particular rule, the probationer may not be on notice that he is violating probation in a specific instance.

This is not a case where a probation condition forbidding specific conduct is coextensive with a criminal law and, therefore, it may be concluded that the probation condition implicitly incorporates the crime's knowledge element.  (See *People v. Kim* (2011) 193 Cal.App.4th 836, 847.)  To prevent arbitrary enforcement and provide clear notice of what conduct will constitute a violation, we will direct the court on remand to modify the probations conditions to add express knowledge requirements.  Our conclusion makes it unnecessary to address S.J.'s overbreadth argument.

## DISPOSITION

The April 23, 2014 order is reversed and the matter is remanded for limited purposes.  Upon remand, the juvenile court shall (1) exercise its discretion under Welfare and Institutions Code section 702 and expressly declare on the record whether S.J.'s violation of Penal Code section 29610 is a felony or a misdemeanor, (2) recalculate the maximum period of confinement if necessary (Welf. & Inst. Code, § 726, subd. (d)), and (3) add express knowledge requirements to the challenged probation conditions so that they read:  "Minor shall obey all known rules and regulations of said facilities" and "Minor shall attend school regularly with no unexcused absences or tardies, and obey all known rules and regulations of school officials."

_____

ELIA, J.

WE CONCUR:



_____

RUSHING, P. J.



_____

PREMO, J.