Filed 11/16/15  P. v. Vardehanhar CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041375 |
| Plaintiff and Respondent, | (Santa Clara County<br>Super. Ct. No. C1241739) |
| v. | |
| EDWIN VARDEHANHAR, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

Defendant Edwin Vardehanhar was convicted after jury trial of vandalism, and the jury found true the allegation that the amount of damage was more than $400.  (Pen. Code, § 594.)[1]  The trial court suspended imposition of sentence and placed defendant on probation with various terms and conditions, including that he stay away from the victim and a witness who testified at defendant's trial.

On appeal, defendant contends that the probation condition is unconstitutionally vague because it does not contain a knowledge requirement.  For reasons that we will explain, we will modify the probation condition to include a knowledge element.

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *The Information and Jury Trial*

In August 2013, defendant was charged by information with felony vandalism (§ 594, subds. (a) & (b)(1)).  The evidence at the jury trial included the following.

The victim, Randa V.,[2] and defendant lived at the same apartment complex and had socialized in a group setting on at least one occasion.  The victim testified that defendant liked one of her friends and repeatedly asked about the friend, but she told him that the friend was not interested in him.

The victim testified that she received a few calls shortly before midnight on February 27, 2012.  She answered the last one, and the caller said, "This is Edwin, your neighbor."  The caller said "very bad words" to her, such as "You're a stupid bitch, fuck you."

The next morning the victim went to her car which had been parked in the apartment garage overnight.  She discovered that all four tires were flat and that there were scratches all over the car.  On the trunk area in particular there were scratches that appeared to state, "take care with your ass."

Another tenant, Mariana Sanchez, testified that she had been in the garage about midnight or between 12:00 and 1:00 a.m.  Sanchez saw a person walk around a car and leave a scratch mark.  She later reported the incident to the police.  At trial, Sanchez identified defendant as the person she had seen scratching the car.

The victim's insurance company inspected the vehicle and determined that the total cost of repairs would be more than $3,800.  The victim ultimately received $3,400 from the insurance company.

---

[2] The record contains various spellings of the victim's last name, including by the victim herself.  In particular, the victim initially stated at trial that her last name was "Vardeh."  When asked by the prosecutor to spell the entirety of her last name, she stated, "V-a-r-d-e-h-d-i-z-a-j-t-a-k -- I'm sorry.  V-a-r-d-e-h-t-a-k-y-a-h."

Defendant's brother testified for the defense that defendant had come over to the brother's house sometime after midnight to pay back money. According to the brother, defendant ended up staying for the rest of the night.

Defendant testified in his own behalf that the victim had invited him to her apartment three or four times. Further, on one occasion, they had been riding in the back of a vehicle and the victim started hugging him, "getting [his] hands," and talking very softly "like she [was his] girlfriend." Defendant was not interested in the victim or her friend.

Defendant testified that he did not damage or scratch the victim's car. He testified that on the night in question, he visited a friend prior to 11:30 p.m. He subsequently went to a bank to withdraw money, and then he went to his brother's residence for the rest of the night.

The jury found defendant guilty of vandalism and found true the allegation that the amount of damage was $400 or more.

### B. *Sentencing*

In the probation report, the probation officer recommended, among other probation conditions, that defendant not have contact with the victim and that he remain 100 yards away from her residence. At the sentencing hearing, the prosecution requested no-contact and stay-away orders protecting the victim and Sanchez, the other tenant who had testified during the prosecution's case. According to the prosecution, defendant or a family member had attempted to contact Sanchez during and after the trial.

The trial court suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions, including that he serve 130 days in jail and that "defendant shall remain at least 100 yards away from" the victim and Sanchez. Defendant ultimately indicated that he understood and accepted the terms and conditions of probation.

3

### III.  DISCUSSION

Defendant contends that the probation condition requiring him to "remain at least 100 yards away from" the victim and Sanchez is unconstitutionally vague.  Defendant argues that he cannot be expected to know the movements and whereabouts of these two people, and thus a knowledge element must be added to the probation condition.  Although he did not object to the probation condition below, defendant contends that his claim on appeal has not been forfeited.

The Attorney General contends that defendant's claim is forfeited by his failure to object below.  Regarding the substance of defendant's claim, the Attorney General argues that an explicit knowledge requirement is not constitutionally required.  To the extent this court determines that modification is necessary, the Attorney General contends that a constructive knowledge element should be added, such as "know or reasonably should know."

#### A.  *Forfeiture*

The forfeiture rule does not apply when a probation condition is challenged as unconstitutionally vague on its face and the claim can be resolved on appeal as a pure question of law without reference to the particular sentencing record developed below. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887-889 (*Sheena K.*).)  In this case, the Attorney General contends that defendant's vagueness challenge is forfeited because this court must refer to the sentencing record in order to evaluate defendant's claim.  The Attorney General fails, however, to persuasively articulate how any particular aspect of the sentencing record bears upon defendant's claim.  Because defendant's facial vagueness challenge to the probation condition raises a question of law that does not require reference to the particular sentencing record developed below, we determine that his claim is not forfeited.

**B.** *Knowledge*

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions. [Citations.]' [Citation.]" (*Ibid.*)

Courts have ordered modification of probation conditions to incorporate a scienter requirement where a probationer could unknowingly engage in the prohibited activity. (*People v. Petty* (2013) 213 Cal.App.4th 1410, 1424 (*Petty*) [protective order modified to state that the defendant "must not 'knowingly' come within 100 yards" of the victim]; *In re Victor L.* (2010) 182 Cal.App.4th 902, 912-913 [modifying probation condition to prohibit knowing presence of weapons or ammunition].) "[P]robation conditions that implicate constitutional rights must be narrowly drawn" and the knowledge requirement "should not be left to implication." (*People v. Garcia* (1993) 19 Cal.App.4th 97, 102; accord, *People v. Leon* (2010) 181 Cal.App.4th 943.) We conclude that a stay-away probation condition centered on a mobile individual should include an express knowledge requirement to give defendant fair warning of what locations he must avoid.

The Attorney General argues that an explicit knowledge requirement is unnecessary because a trial court's "authority to impose and enforce stay-away probation conditions is based on statutory provisions which contain a knowledge requirement," citing sections 136.2 and 166, subdivision (c)(1). The Attorney General contends that, "where a probation condition implements statutory provisions that apply to the probationer independent of the condition and does not infringe on a constitutional right, it

5

is not necessary to include in the condition an express scienter requirement that is necessarily implied in the statute." (*People v. Kim* (2011) 193 Cal.App.4th 836, 843.)

We are not persuaded by the Attorney General's argument. First, although section 136.2 authorizes stay-away orders in certain circumstances, the Attorney General does not point to anything in the record indicating that the stay-away condition in this case was imposed pursuant to section 136.2. Rather, it appears from the sentencing hearing that the trial court required defendant to stay away from the two people as a condition of probation. Indeed, a trial court "enjoys wide discretion under section 1203.1 to impose a stay-away order as a condition of probation." (*People v. Selga* (2008) 162 Cal.App.4th 113, 118 (*Selga*); see *Petty, supra,* 213 Cal.App.4th at p. 1424 [finding "nothing in the record to suggest the court purported to act under any of the statutes specially authorizing protective orders," rather than pursuant to the court's broad discretion in imposing probation conditions under § 1203.1, subd. (j)]; *Selga*, *supra*, at p. 120 [explaining that a violation of a criminal protective order may be punished as a contempt of court, a misdemeanor, or a felony, while a violation of probation is not necessarily punishable as a separate offense].) Second, although section 166, subdivision (c)(1), provides that a "willful and knowing violation" of certain protective orders or stay-away court orders "shall constitute contempt of court," the Attorney General fails to establish that the stay-away condition in this case falls within the list of orders specified in subdivision (c)(1). In sum, we are not persuaded by the Attorney General's contention that an explicit knowledge element is unnecessary in this case.

The Attorney General states that, although defendant seeks the inclusion of an express knowledge element, he does not propose a specific modification. The Attorney General observes that some courts have added a constructive knowledge element to probation conditions so that the defendant is prohibited from engaging in certain conduct if the defendant "know[s] or reasonably should know" of a specified circumstance.

6

We do not decide the issue of whether the "reasonably should know" language, as proposed by the Attorney General, is necessary or proper. The Attorney General simply observes that such language has been added to probation conditions in certain other cases. Defendant does not address in his reply brief whether a constructive knowledge element is appropriate in this case.

Accordingly, we shall modify the stay-away order imposed as a condition of probation to state that defendant shall remain at least 100 yards away from any location where he knows the victim or Sanchez is present.

## IV. DISPOSITION

The probation condition requiring defendant to remain at least 100 yards away from Randa V. and Mariana Sanchez is ordered modified to state that defendant shall remain at least 100 yards away from any location where he knows Randa V. or Mariana Sanchez is present. As so modified, the order of probation is affirmed.

7

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____
ELIA, ACTING P.J.



_____
MIHARA, J.


*People v. Vardehanhar*
**H041375**